UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

    Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

    Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

MOTION TO COMPEL (I) DEMOCRATICUNDERGROUND.COM TO PRODUCED THE SUBPOENAED DOCUMENTS AND (II) PUBLIC CITIZEN LITIGATION GROUP TO REVEAL THE IDENTITY OF DEFENDANT MZMOLLY

    Plaintiff, Lawrence Sinclair, by and through his undersigned counsel and pursuant to the anomalous authority of this Court and Federal Rules of Civil Procedure, Rule 45(c)(2)(B)(i), hereby moves to compel (i) Democraticunderground.com to produce the subpoenaed documents and (ii) Public Citizen Litigation Group to reveal the identity and location of Defendant mzmolly, and for grounds in support thereof states:

**I.    MOTION TO COMPEL**

    On April 4, 2008, this Court entered its order permitting a subpoenas duces tecum to be served on, among others, non-party Democraticunderground.com to compel the disclosure of the account information of Defendants: (i) TubeSockTedD, (ii) mzmolly and (iii) OWNINGLIARS.

    On April 8, 2008, a subpoena directed to Democraticunderground.com was served by United States Mail, Delivery Confirmation #03041560000314757185 upon Democraticunderground.com. A copy of that subpoena is attached hereto.

    On April 16, 2008, Attorney Paul Alan Levy of Public Citizen Litigation Group – on behalf of Democraticunderground.com and Defendant mzmolly – served objections to the subpoena

pursuant to Federal Rules of Civil Procedure, Rule 45(c)(2)(B). A copy of those objections are attached hereto.

Notably, the objections <u>failed</u> to address any matter covered by (i) Rule 45(c)(3)(A)(i-iv) as <u>no</u> time, travel, privilege or burden objects to the subpoena were raised or (ii) Rule 45(c)(3)(A)(i-iii) as <u>no</u> objections based upon trade secret, expert opinion or travel were raised by Democraticunderground.com. Moreover, <u>no</u> objection to the sufficiency of service of the subpoena was raised.

Federal Rules of Civil Procedure, Rule 45(c)(2)(B)(i) states, "At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection." Here, Democraticunderground.com has failed without adequate excuse to obey the subpoena served upon it.

Wherefore, Plaintiff requests that the Court enter an order compelling Democraticunderground.com to produce the subpoenaed documents and award reasonable attorney fees and costs for the making this motion.

**II.   MOTION TO COMPEL**

Plaintiff made demand upon Public Citizen Litigation Group to reveal the identity and location for service of process upon its client, Defendant mzmolly. Public Citizen Litigation Group has refused that request.

"Federal courts have found that, absent special circumstances, client-identity is not protected by the attorney-client privilege. *See e.g., Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129-30 (9th Cir. 1992); *United States v. Leventhal*, 961 F.2d 936, 940 (11th Cir. 1992); *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir. 1991). These

courts have found that client identity does not constitute a privileged communication because it does not reveal a 'fundamental communication in the attorney-client relationship.' *See, e.g., Clarke*, 974 F.2d at 129." *United States v. Hunton & Williams*, 52 F.Supp. 843, 856 (D.D.C. 1997).

Moreover, there is no absolute bar against disclosure of a client's address. *See: In re Nackson*, 196, 534 A.2d 65, 70 (1987). Clients' addresses are nothing more than incidental to the attorney-client relationship, and their addresses, therefore, are not privileged. *See: In Re Stolar*, 397 F.Supp. 520, 524 (S.D.N.Y.1975).

WHEREFORE, Plaintiff requests an order compelling Public Citizen Litigation Group to reveal the identity and location for service of its client, Defendant mzmolly.

### CERTIFICATE OF CONSULTATION AND SERVICE

I hereby certify that: (i) I have in good faith conferred with Public Citizen Litigation Group in an effort to secure the information sought by this motion without court action without success and (ii) a true and accurate copy of the foregoing was served by U.S. First Class Mail and Telecopier (202-588-7795) upon Paul Alan Levy, Public Citizen Litigation Group, 1600 20th Street, NW, Washington, DC 20009 this April 18, 2008.

**MONTGOMERY BLAIR SIBLEY**
Counsel for Plaintiff
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax

By: /s/ Montgomery Blair Sibley
    Montgomery Blair Sibley
    D.C. Bar #464488

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

               Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

               Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

**ORDER ON PLAINTIFF'S MOTION TO COMPEL (I) DEMOCRATICUNDERGROUND.COM TO PRODUCED THE SUBPOENAED DOCUMENTS AND (II) PUBLIC CITIZEN LITIGATION GROUP TO REVEAL THE IDENTITY OF DEFENDANT MZMOLLY**

Upon consideration of Plaintiff's Motion To Compel(i) Democraticunderground.com to Produced the Subpoenaed Documents and (ii) Public Citizen Litigation Group to Reveal the Identity of Defendant Mzmolly, it is:

ORDERED that Democraticunderground.com and Public Citizen Litigation Group shall show cause within___ days why such an order granting Plaintiff's aforesaid motion should not be entered.

DATED: April ___, 2008

                                                                     _____
                                                                     United States District Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

                Plaintiff,

Case No.: 1:08-cv-00434-HHK

vs.

**SUBPOENA DUCES TECUM WITHOUT DEPOSITION**

TubeSockTedD, mzmolly and OWNINGLIARS,

                Defendants.
_____/

To:    Records Custodian David Allen
        Democratic Underground
        P.O. Box 53350
        Washington, DC 20009

**YOU ARE COMMANDED** to appear at Law Offices of Montgomery Blair Sibley, 1629 K Street, N.W., Suite 300, Washington, D.C. 20006 on **Friday, April 18, 2008 at 10:00 a.m.**, before a person authorized by law to take depositions, for the taking of your deposition in this action pending in the United States District Court for the District of Columbia.

**YOU ARE ALSO COMMANDED** to produce and permit inspection and copying of the following documents:

    1.    Copies of all documents related to account holders: (i) TubeSockTedD, (ii) mzmolly and (iii) OWNINGLIARS

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. **You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.**

        THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

**PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:**

1

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (I) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE**:

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or

2

subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated: April 7, 2008    **MONTGOMERY BLAIR SIBLEY**
　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　　1629 K Street, Suite 300
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20006
　　　　　　　　　　　　　　　　　　　　202-508-3699
　　　　　　　　　　　　　　　　　　　　202-478-0371 Fax

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Montgomery Blair Sibley as an Officer of the United States District Court for the District of Columbia
　　　　　　　　　　　　　　　　　　　　D.C. Bar #464488

3

## PROOF OF SERVICE

Served
<br>Date           Place

Served on (Print Name)        Manner of Service

Served by (Print Name)        Title

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

                        Signature of Server

                        Address of Server

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

    Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

    Defendants.

_____/

Case No.:

08 0434

ORDER ON *EX PARTE* MOTION FOR LEAVE TO ENGAGE IN *EX PARTE* LIMITED DISCOVERY

FILED
APR 04 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Upon consideration of Plaintiff's *Ex Parte* Motion for Leave to Engage in *Ex Parte* Limited Discovery, it is:

ORDERED that the motion is granted. Plaintiff may issue Subpoenas *Duces Tecum* Without Deposition on YouTube.com, Demoncraticunderground.com and Digg.com for the account information of the Defendants TubeSockTedD, mzmolly and OWNINGLIARS. Plaintiff shall provide copies of all information received pursuant to the subpoenas on Defendants once they make an appearance in this matter.

DATED: ~~March~~ April 1, 2008

                                                                                      Henry Kennedy, Jr.
                                                                                  United States District Judge

**PUBLIC CITIZEN LITIGATION GROUP**
1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

**BY TELECOPIER: (202) 478-0371**

April 16, 2008

Montgomery Blair Sibley, Esquire
Suite 300
1629 K Street, NW
Washington, D.C. 20006

Dear Mr. Sibley:

On behalf of Democraticunderground.com and the Doe defendant "mzmolly," and pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, I write to explain why we object to your subpoena seeking documents that would identify defendant mzmolly for the purpose of suing her for criticizing Larry Sinclair.[1] Sinclair, by his efforts to publicize certain sensational allegations about presidential candidate Barack Obama, such as on his various blogs and through a story that he gave to a tabloid magazine, the *Globe*, has unquestionably made himself a voluntary public figure, and criticism of his allegations are directed to an issue of public concern. However, you have established no reason to believe that your client can overcome the First Amendment right to speak anonymously under the well-established test drawn from cases such as *Krinsky v. Doe 6*, 159 Cal. App.4th 1154, 72 Cal.Rptr.3d 231 (Cal. App. 6 Dist. 2008), *In re Does 1-10*, 242 S.W.3d 805 (Tex. App.-Texarkana 2007); *Mobilisa v. Doe*, 170 P.3d 712 (Ariz. App. Div. 1 2007); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Dendrite v. Doe*, 342 N.J. Super. 134, 775 A.2d 756 (N.J. App. 2001); *McMann v. Doe*, 460 F. Supp.2d 259 (D. Mass. 2006); *Highfields Capital Mgmt. v. Doe*, 385 F.Supp.2d 969 (N.D. Cal. 2005); *Sony Music Entertainment v. Does 1-40*, 326 F. Supp.2d 556 (S.D.N.Y. 2004); *In re 2TheMart.com, Inc. Securities Litigation*, 140 F. Supp.2d 1088 (W.D. Wash. 2001); *Columbia Insurance Company v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999); *Greenbaum v. Google, Inc.*, 845 N.Y.S.2d 695 (N.Y. Sup. 2007); and *Melvin v. Doe*, 49 PaD&C4th 449 (2000), *rev'd on other grounds*, 575 Pa. 264, 836 A.2d 42 (2003).

Moreover, it is apparent from the face of your complaint that the Court lacks jurisdiction in this case. First, your complaint asserts only state law claims against three unknown defendants, who are identified as John Doe. You say in your complaint that you expect to be able to establish through discovery that each of the three defendants each lives in a state other than Minnesota, and consequently you assert diversity jurisdiction. However, it is your burden to affirmatively plead the

---

[1] The female gender is used generically, pursuant to our usual practice in Doe cases. It does not connote the actual gender of mzmolly.

Montgomery Blair Sibley, Esquire
April 16, 2008
page 2

citizenship of each of the defendants, in order to show the basis for complete diversity, and it is well-established, in this district as elsewhere, that a diversity claim cannot be brought against Doe defendants. *Menzies v. Doe*, 194 F.3d 174 (D.C. Cir 1999) (mem.); *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *McMann v. Doe*, 460 F.Supp.2d 259, 264 (D.Mass.2006); *Meng v. Schwartz*, 305 F. Supp.2d 49 (D.D.C. 2004).

Second, given the fact that your client lives in Minnesota, and that you do not know where the three Doe defendants live, your complaint shows no basis for believing that the district court has personal jurisdiction of the defendants. It is well-established that the mere fact that information posted for passive review on a web site can be downloaded in Washington, DC, is not a sufficient basis for suing the person who posted that information in Washington. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511-512 (D. C. Cir. 2002). Indeed, so far as I can tell, the only reason why this case has been filed in federal court here in Washington is that you yourself live here.

Moreover, your complaint is not verified, and not only have you not sufficiently pleaded the elements of a defamation claim under the common law and the First Amendment, but I have no reason to believe that you can meet the standard for overcoming the First Amendment right to speak anonymously. For example, there is no reason to believe that your client has suffered any damages, as required for a libel plaintiff under Minnesota law (which presumably applies under District of Columbia choice of law rules). *E.g., McClure v. American Family Mut. Ins. Co.*, 29 F. Supp.2d 1046, 1056, 1057 (D. Minn.1998); *Anderson v. Kammeier*, 262 N.W.2d 366, 372 (Minn. 1977). According to the story that your client gave the *Globe,* your client is a convicted felon whose past includes credit card fraud, drug-dealing and smuggling; he also apparently claims that he provided sex in return for drugs, and so it is hard to believe that anything mzmolly may have said about your client could have further injured his reputation. Nor is there any evidence that what mzmolly said about Sinclair is false, or was stated with actual malice.

In short, your client has neither pleaded any valid defamation claim, nor given any reason to believe he can present evidence showing a valid claim, and even if he did, he brought it in the wrong court. I urge you to withdraw the subpoena and dismiss the case, to avoid the need for motions practice to protect our clients' rights and compensate them for the expense of the motion practice.

Sincerely yours,

Paul Alan Levy