**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

Lawrence Sinclair,

        Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

        Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

**MOTION TO DISQUALIFY COUNSEL FOR TUBESOCKTEDD**

    Plaintiff, Lawrence Sinclair, upon his attached affidavit, by and through his undersigned counsel and pursuant to the anomalous authority of this Court, moves to disqualify both local and lead counsel for TubeSockTedD, and for grounds in support thereof states:

    On April 25, 2008, Klimaski & Associates, P.C. and Vandenberg & Feliu, LLP entered appearances for Defendant TubeSockTedD as local and lead counsel respectively.

    However, in January and February 2008, Plaintiff was seeking counsel for the issues raised in this matter and in that process contacted James R. Klimaski of Klimaski & Associates, P.C. This original contact was via that firm's online request for representation/contact form.

    This contact was responded to by an individual named Donna, who stated to Plaintiff on the telephone that she was an attorney who was asked by Mr. Klimaski to get details from Plaintiff as to what he was looking for in legal representation for his case about the false statements being made about him. Donna left Plaintiff this voice message and the telephone number 202-296-5600 to return her call.

    Plaintiff then had an extensive discussion with Donna during which he explained to her the

1

nature of the issues confronting Plaintiff and disclosed confidential information to her.

Donna then advised Plaintiff that she would meet with Mr. Klimaski and would get back to Plaintiff in a few days. Donna then called Plaintiff back about two (2) days later with more questions which Plaintiff answered, and she then said the firm would get back with Plaintiff the next morning. Subsequently, Donna stated that after discussing Plaintiff's situation with Mr. Klimaski, he felt Plaintiff would need to find an attorney closer to where he lived and that Klimaski & Associates, P.C. could not represent Plaintiff. Plaintiff will not here publically reveal that confidential information that he disclosed to Donna but will disclose it *in camera* if necessary.

Clearly, disqualification is a drastic measure which a district court can order to insure a fair trial. *See*: *United States v. Locascio*, 6 F.3d 924, 935 (2d Cir. 1993). Additionally, conflict of interest is universally proscribed. *See*: D.C. Bar Rule 1.7 — Conflict of Interest: General Rule " (a) A lawyer shall not advance two or more adverse positions in the same matter."; *In re Jaeger*, 213 B.R. 578, 584 (C.D.Cal.1997), *citing Anderson v. Eaton*, 211 Cal. 113, 116, 293 P. 788 (1930)("The rule against representing conflicting interests is designed not only to prevent the dishonest lawyer from fraudulent conduct, but also to prevent the honest lawyer from having to choose between conflicting duties, rather than to enforce to their full extent the legal rights of each client."); *Rodriguez v. Montalvo,* 337 F.Supp.2d 212 (D.Mass. 2004)("The relevant inquiry in a motion to disqualify based on a former representation is into the degree of relevance between the two representations, i.e., "whether the subject matter of the two representations is substantially related." *See Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 439-40 (1st Cir. 1991) (identifying the proper inquiry as, "[C]ould the attorney have obtained confidential information in the first suit that would have been relevant to the second[?]").

Here, by Plaintiff's act of consulting Klimaski & Associates, P.C. and disclosing confidential information, Klimaski & Associates, P.C. has a conflict of interest that <u>must</u> result in their disqualification in this matter. Plainly, a person obtains the status of a "client" by consulting an attorney for the purpose of obtaining legal advice. *See: Marshall v. Marshall*, 282 S.C. 534, 320 S.E.2d 44, 47 (Ct.App.1984); *In re Colocotronis Tanker Securities Litigation*, 449 F.Supp. 828, 831-32 (S.D.N.Y.1978); *Hoyas v. State,* 456 So.2d 1225, 1228 (Fla.App. 3 Dist. 1984)("The privilege is said to apply in a case, such as this one, where a confidential communication is made to an attorney with a view toward his employment, regardless of whether the attorney is subsequently retained, *see* 3 *Wharton's Criminal Evidence* § 557 (C. Torcia, 13th ed. 1973)."

Moreover, as the confidential information that was disclosed by Plaintiff to Klimaski & Associates, P.C. has presumably be disclosed to Vandenberg & Feliu, LLP, that firm must likewise be disqualified to insure the a fair trial of this matter.

Last, fairness likewise demands that (i) these firms disclose the extent of disclosure of Plaintiff's confidential information to Defendant TubeSockTedD or counsel for any of the other Defendants so an equitable remedy, if necessary, can be fashioned by this Court for the harm caused by Klimaski & Associates, P.C.'s breach of its ethical duty and (ii) a "Chinese Wall" be erected around these two firms from disclosing any information to counsel that Defendant TubeSockTedD may subsequently employ.

WHEREFORE, Plaintiff requests an order (i) disqualifying Defendant TubeSockTedD's counsel, (ii) requiring that these firms disclose the extent of disclosure of Plaintiff's confidential information to Defendant TubeSockTedD or counsel for any of the other Defendants so an equitable remedy, if necessary, can be fashioned by this Court for the harm caused by to Klimaski &

Associates, P.C.'s breach of its ethical duty and (iii) a "Chinese Wall" be erected around these two firms from disclosing any information to counsel that Defendant TubeSockTedD may subsequently employ.

### CERTIFICATE OF CONSULTATION AND SERVICE

I hereby certify that: (i) I have in good faith conferred by telephone with Ray Beckerman in an effort to secure the relief sought by this motion without court action without success and (ii) a true and accurate copy of the foregoing was served by this Court's CM/ECF system upon Paul Alan Levy, Public Citizen Litigation Group, 1600 20th Street, NW, Washington, DC 20009, Ray Beckerman, Vandenberg & Feliu LLP, 110 East 42 St., New York, NY 10017 and James R. Klimaski, Klimaski & Associates, P.C., 1625 Massachusetts Avenue NW, Suite 500, Washington, DC 20036-2245, this April 18, 2008.

> MONTGOMERY BLAIR SIBLEY
> Counsel for Plaintiff
> 1629 K Street, Suite 300
> Washington, D.C. 20006
> 202-508-3699
> 202-478-0371 Fax
>
> By:   /s/ Montgomery Blair Sibley
>        Montgomery Blair Sibley
>        D.C. Bar #464488

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

Lawrence Sinclair,

                Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

                Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

**ORDER OF MOTION TO DISQUALIFY COUNSEL FOR TUBESOCKTEDD**

    Upon consideration of Plaintiff's Motion To Disqualify Counsel for TubeSockTedD, it is:

    ORDERED that the motion is granted. Counsel for Defendant TubeSockTedD's are hereby ordered disqualified from representing that Defendant, and it is further

    ORDERED, that counsel for Defendant TubeSockTedD disclose the extent of any disclosure of Plaintiff's confidential information to Defendant TubeSockTedD or counsel for any of the other Defendants so an equitable remedy, if necessary, can be fashioned by this Court for the harm caused by to Klimaski & Associates, P.C.'s breach of its ethical duty, and it is further

    ORDERED that a "Chinese Wall" be erected around these two firms from disclosing any information to counsel that Defendant TubeSockTedD may subsequently employ.

DATED: April ___, 2008

                                                                          _____
                                                                         United States District Judge

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

                Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

                Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

**AFFIDAVIT IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR TUBESOCKTEDD**

      Plaintiff, Lawrence Sinclair, in support of his motion to Disqualify Counsel for TubeSockTedD and pursuant to the authority of 28 U.S.C. §1746, under penalty of perjury states:

      1.      In January and February 2008, I was seeking counsel for the issues raised in this matter and in that process contacted James R. Klimaski of Klimaski & Associates, P.C. This original contact was via that firm's online request for representation/contact form.

      2.      My contact was responded to by an individual named Donna, who stated to me on the telephone that she was an attorney who was asked by Mr. Klimaski to get details from me as to what I was looking for in legal representation for my case about the false statements being made about me. Donna left me this voice message and the telephone number 202-296-5600 to return her call.

      3.      I subsequently had an extensive discussion with Donna during which I explained to her the nature of the issues confronting me and disclosed confidential information to her. Donna then advised me she would meet with Mr. Klimaski and would get back to me in a few days. Donna then called me back about two (2) days later with more questions and said the firm would get back with me the next morning. Subsequently, Donna stated that after discussing my situation with Mr.

1

Klimaski, he felt I would need to find an attorney closer to where I lived and that Klimaski & Associates, P.C. could not represent me.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: 4/28/08

*Lawrence Sinclair*