UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
-----------------------------------------------------x
                                                     )
LAWRENCE SINCLAIR,                                   )    1:08-cv-00434-HHK
                                                     )
         Plaintiff,                                  )
                                                     )
    -against-                                        )
                                                     )
TubeSockTedD, et al.,                                )
                                                     )
         Defendants.                                 )
                                                     )
-----------------------------------------------------x         MOTION
```

**PLEASE TAKE NOTICE** that the defendant "TubeSockTedD", upon the annexed declaration of Ray Beckerman, hereby moves for an order quashing the subpoena duces tecum dated April 7, 2008, to the extent said subpoena seeks information of and concerning defendant TubeSockTedD, and for such other and further relief as to the Court seems proper.

Dated: District of Columbia
      April 30, 2008

                            **VANDENBERG & FELIU, LLP**

                            By:____/s/Ray Beckerman_____
                            Attorneys for Defendant "TubeSockTedD"
                            (Admitted pro hac vice)
                            110 East 42 Street
                            New York, NY 10017
                            (212) 763-6800
                            Email: rbeckerman@vanfeliu.com

**KLIMASKI & ASSOCIATES, P.C.**

By:_____/s/James R. Klimaski_____
James R. Klimaski
Attorneys for defendant "TubeSockTedD"
1625 Massachusetts Avenue, N.W. Suite 500
Washington, District of Columbia 20036
Telephone: 202-296-5600
Email: klimaski@klimaskilaw.com

To: Montgomery Blair Sibley, Esq.
    Attorney for plaintiff
    1629 K Street, Suite 300
    Washington, DC 20006
    (205) 508-3699
    Email: mbsibley@civilforfeiture.com

   Paul Alan Levy, Esq.
   Public Citizen Litigation Group
   1600 - 20th Street, N.W.
   Washington, DC 20009
    (202) 588-1000
   Email: plevy@citizen.org

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------x
LAWRENCE SINCLAIR,   )   1:08-cv-00434-HHK
   )
   Plaintiff,   )
   )
-against-   )
   )
TubeSockTedD, et al.,   )
   )
   Defendants.   )
------------------------------------------------x   **DECLARATION**

**RAY BECKERMAN** declares under penalty of perjury:

1. I am a member of Vandenberg & Feliu, LLP, attorneys for defendant "TubeSockTedD".

2. My client is a natural person who, according to the complaint (¶ 13), is being sued for defamation by plaintiff, in this action, for saying on the internet that plaintiff was "spreading lies" about Barrack Obama.

3. On or about April 7, 2008, plaintiff served a subpoena duces tecum upon Google Inc. for information that would disclose defendant's identity. (Exhibit A). (the "subpoena").

4. We are in agreement with, and respectfully incorporate by reference herein, the papers filed April 30, 2008, by Public Citizen on behalf of "mzmolly" and DemocraticUnderground.com, in opposition to plaintiff's motion to compel.

5. For the reasons stated therein, and in our accompanying memorandum, we respectfully request that the subpoena be quashed.

WHEREFORE, it is respectfully requested that the within motion to quash the subpoena as to "TubeSockTedD" be in all respects granted.

Dated: New York, New York
      April 30, 2008

/s/
_____
**RAY BECKERMAN**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

                Plaintiff,

Case No.: 1:08-cv-00434-HHK

vs.

**SUBPOENA DUCES TECUM WITHOUT DEPOSITION**

TubeSockTedD, mzmolly and OWNINGLIARS,

                Defendants.
_____/

To:    Records Custodian
        YouTube, LLC
        1600 Amphitheatre Parkway
        Mountain View, CA USA
        Phone: +1 650-253-0000
        Fax: +1 650-253-0001

**YOU ARE COMMANDED** to appear at Law Offices of Montgomery Blair Sibley, 1629 K Street, N.W., Suite 300, Washington, D.C. 20006 on **Friday, April 18, 2008 at 10:00 a.m.,** before a person authorized by law to take depositions, for the taking of your deposition in this action pending in the United States District Court for the District of Columbia.

**YOU ARE ALSO COMMANDED** to produce and permit inspection and copying of the following documents:

    1.    Copies of all documents related to account holders: (i) TubeSockTedD, (ii) mzmolly and (iii) OWNINGLIARS

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. **You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.**

        THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

1

PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (I) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE:

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in

the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated: April 7, 2008                    **MONTGOMERY BLAIR SIBLEY**
                                        Counsel for Plaintiff
                                        1629 K Street, Suite 300
                                        Washington, D.C. 20006
                                        202-508-3699
                                        202-478-0371 Fax

                                        */signature/*

                                        By:_____
                                        Montgomery Blair Sibley as an Officer of the
                                        United States District Court for the District of
                                        Columbia
                                        D.C. Bar #464488

## PROOF OF SERVICE

Served
_____
        Date                                 Place


_____
Served on (Print Name)              Manner of Service


_____
Served by (Print Name)              Title

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                                                Signature of Server

                                                Address of Server

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------x
)
LAWRENCE SINCLAIR,                )            1:08-cv-00434-HHK
)
Plaintiff,        )
)
-against-             )
)
TubeSockTedD, et al.,              )
)
Defendants.      )
)
---------------------------------------------------x

**MEMORANDUM OF POINTS AND AUTHORITIES
OF DEFENDANT "TubeSockTedD" IN SUPPORT
OF MOTION TO QUASH APRIL 7, 2008, SUBPOENA**

This is a defamation action which alleges of and concerning "TubeSockTedD" only that, in response to plaintiff's public internet accusations about Barrack Obama, defendant responded by saying plaintiff had been "spreading lies". (Complaint, ¶ 13). In pursuit of learning the defendant's identity, plaintiff has served a subpoena upon Google Inc.

Under well established principles, the subpoena must be quashed, both on constitutional, First Amendment, grounds, and on common law grounds as well, since plaintiff does not have evidence of a meritorious claim against movant.

We agree with, and respectfully incorporate by reference herein, all of the papers filed by Public Citizen on behalf of its clients, defendant "mzmolly" and subpoena recipient DemocraticUnderground.com, in opposition to plaintiff's motion to compel.

We only note additionally that the precise language alleged in this case against TubeSockTedD – that plaintiff was "spreading lies" – has been specifically held to be insufficient

-1-

to support a cause of action for defamation. See, e.g. <u>Rocker Management LLC v. John Does 1-20</u>, 2003 WL 22149380 (N.D. California 2003), where a subpoena had been directed to Yahoo! Inc. for the identity of an anonymous internet 'message board' poster. The defendant was accused of having stated that plaintiff that had been "spreading lies" about certain stocks. The Court never even reached the question of whether plaintiff had sufficient evidence to support his claim, holding that the claim was as a matter of law not defamatory, since the statement was a statement of opinion, rather than a defamatory statement of fact. Accordingly, it quashed the subpoena.

**Conclusion**

In view of the absence of any legally cognizable claim against "TubeSockTedD", plaintiff's subpoena to Google Inc. should be quashed.

Respectfully submitted,

**VANDENBERG & FELIU, LLP**
By:____/s/Ray Beckerman_____
Attorneys for Defendant "TubeSockTedD"
(Admitted pro hac vice)
110 East 42 Street
New York, NY 10017
(212) 763-6800
Email: rbeckerman@vanfeliu.com

**KLIMASKI & ASSOCIATES, P.C.**
By:_____/s/James R. Klimaski_____
James R. Klimaski
Attorneys for defendant "TubeSockTedD"
1625 Massachusetts Avenue, N.W. Suite 500
Washington, District of Columbia 20036
Telephone: 202-296-5600
Email: klimaski@klimaskilaw.com

Ray Beckerman,
   Of counsel