UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

                    Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

                    Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

RESPONSE TO MOTION TO QUASH [D.E. #13]

Plaintiff, Lawrence Sinclair, by and through his undersigned counsel, responds to the Motion

to Quash of of Defendant TubeSockTedD [D.E. #13] and states:

I.    ADOPTION OF ARGUMENT DIRECTED TO DEFENDANT MZMOLLY AND
      DEMOCRATICUNDERGROUND.COM

In so much as Defendant TubeSockTedD has adopted the arguments of

Democraticunderground.com and Defendant Mzmolly in response to Plaintiff's motion to compel

[D.E. #4], Plaintiff adopts and incorporates herein by reference his reply to those arguments.

[D.E. #16].

II.   THE COMPLAINT STATES A CAUSE OF ACTION AGAINST DEFENDANT
      TUBESOCKTEDD

The sole independent argument made by Defendant TubeSockTedD is that: "We only

note additionally that the precise language alleged in this case against TubeSockTedD – that

plaintiff was "spreading lies" – has been specifically held to be insufficient to support a cause

of action for defamation." ( Defendant TubeSockTedD, Memo., p. 1-2).

In response Plaintiff first notes that a California trial court's opinion is of no moment on this

District of Columbia case. Moreover, other jurisdictions have held otherwise, leaving the issue open to a contrary argument. *Cf.* "Any statement made by the defendants imputing dishonesty to the plaintiff is actionable" *Four Star Stage Light. v. Merrick*, 56 A.D.2d 767, 392 N.Y.S.2d 297; 34 N.Y.Jur., Libel & Slander, § 36, p. 507); A false statement concerning plaintiff's "integrity, fitness as a service manager and maligned his reputation", as alleged in the fourth cause of action in the complaint, is likewise actionable defamation  *Sullivan v. Daily Mirror*, 232 App.Div. 507, 250 N.Y.S. 420); dismissal of complaint which alleged that defendant was "spreading his lies" reversed, *Cook v. Winfrey.* 141 F.3d 322, 331-332 (7th Cir. 1998).

Second, it is for the jury under the Seventh Amendment to decide whether the statements of Defendant TubeSockTedD are Defamation *per se* and/or Defamation *per quod*.

Third, to the extent the Complaint is deemed deficient by this Court, Plaintiff seeks leave amend pursuant to his right under Rule 15 to amend the Complaint.

WHEREFORE, Plaintiff respectfully requests that Defendant TubeSockTedD's motion to quash be denied.

### CERTIFICATE OF SERVICE

I hereby certify that: a true and accurate copy of the foregoing was served by this Court's CM/ECF system upon Paul Alan Levy, Public Citizen Litigation Group, 1600 20th Street, NW, Washington, DC 20009, Ray Beckerman, Vandenberg & Feliu LLP, 110 East 42 St., New York, NY 10017 and James R. Klimaski, Klimaski & Associates, P.C., 1625 Massachusetts Avenue NW, Suite 500, Washington, DC 20036-2245, this May 5, 2008.

MONTGOMERY BLAIR SIBLEY
Counsel for Plaintiff
1629 K Street, Suite 300
Washington, D.C. 20006
202-508-3699
202-478-0371 Fax


By:   /s/ Montgomery Blair Sibley
        Montgomery Blair Sibley
        D.C. Bar #464488