UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------x
                                                         )

LAWRENCE SINCLAIR,        )         1:08-cv-00434-HHK

        Plaintiff,         )

    -against-               )

TubeSockTedD, et al.,         )

        Defendants.       )

------------------------------------------------------x

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
OF DEFENDANT "TubeSockTedD" IN SUPPORT
OF MOTION TO QUASH APRIL 7, 2008, SUBPOENA**

       In his haste to justify one of the more meritless cases ever brought, one in which the alleged libel is to have *denied* that the plaintiff purchased and used illegal drugs and engaged in furtive sex acts in a car, plaintiff's counsel has overlooked the fundamental principles of libel law: (a) before there is a defamation action there must be a defamatory statement of fact, and (b) before there is a defamatory statement of fact, there must be a *statement of fact*.

       The prevailing rule is that simple statements that one is "lying" or a "liar" or "spreading lies" are considered to be epithets, hyperbole, or opinion, rather than defamatory statements of fact. See, e.g. Gateway Logistics Group, Inc. v. Dangerous Goods Management Australia Pty, Ltd., 2008 WL 1883914 (S.D. Texas April 25, 2008)("lying"); Gill v. Delaware Park, LLC, 294 F. Supp. 2d 638 (D. Del. 2003)("liar"); Rocker Management LLC v. John Does 1-20, 2003 WL 22149380 (N.D. California 2003) ("spreading lies"); Rizzuto v. Nexxus Products Co., 641 F.Supp. 473 (S.D.N.Y.) (Weinfeld, J.), *aff'd*, 810 F.2d 1161 (2d Cir. 1986)("lying");

Andres v. Brown, – Mich. App. –, 2008 WL 684794 (Ct. of Appeals March 13, 2008)("liar", "lying"); Wood v. Del Giorno, 974 So. 2d 95 (La. App. 4th Cir. Dec. 19, 2007), *cert. denied*, 977 So.2d 933 (La. March 14, 2008)("liar"); Robel v. Roundup Corp., 148 Wash. 2d 35, 59 P.3d 611 (2002)(En banc)("liar").

Even had defendant made a defamatory statement of fact imputing dishonesty, it could only be actionable if linked to the plaintiff in his business or profession. See, e.g., Kling v. Harris Teeter Inc., 338 F. Supp. 2d 667 (W.D.N.C. 2002), *aff'd*, 86 Fed. Appx 662 (4th Cir. 2004). *Compare* Houlahan v. World Wide Ass'n of Specialty Programs and Schools, 2006 WL 2844190 (D.D.C. 2006).

The New York cases upon which plaintiff relies, Four Star Stage Lighting, Inc. v. Merrick, 56 A.D.2d 767, 392 N.Y.S.2d 297 (1st Dep't 1977) and Sullivan v. Daily Mirror, 232 A.D. 507, 250 N.Y.S. 420 (1st Dep't 1931), were precisely such cases, with the Four Star court noting expressly that "words not actionable in themselves may become so by being spoken of persons engaged in a particular calling or profession", 56 A.D.2d at 768, 392 N.Y.S.2d at 298, and the Sullivan court relying on the principle that "the publication of a charge which has a tendency to injure or prejudice one in the exercise of his profession or calling is libelous per se". 232 A.D. at 510, 250 N.Y.S. at 423.[1]

---

[1] Nor did either case involve a statement that the plaintiff was "lying". The Sullivan plaintiff was accused of being "guilty of a crime" by reason of having been "on the payroll", understood to mean that he had been "paid or bribed to write favorable sporting articles". 232 A.D. at 509, 250 N.Y.S. at 422. And in Four Star the accusation was that plaintiff had been engaged in a fraud, in connection with its business.

The third case relied upon by plaintiff, Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998)(Applying Ohio law), likewise acknowledged that recovery could be had only upon proof of injury to plaintiff's trade or occupation. 141 F.3d at 329-330.

The plaintiff has offered no evidence on the subject of this statement having been linked to his business or profession, and it is indeed rather difficult to imagine what profession he is in that would look upon him *more* favorably because he *had* purchased and used illegal drugs and *had* engaged in furtive sex acts in a car.

Lastly, although we incorporated by reference the papers submitted by Democratic Underground and "mzmolly", we note that plaintiff has failed to rebut the challenges they raise, such as the absence of *in personam* jurisdiction, and the plaintiff's failure, and obvious inability, to plead special damages, actual malice, and/or knowledge of falsity.

**Conclusion**

In view of the absence of any legally cognizable claim against "TubeSockTedD", plaintiff's subpoena to Google Inc. should be quashed.

Respectfully submitted,

**VANDENBERG & FELIU, LLP**
By:____/s/Ray Beckerman_____
Attorneys for Defendant "TubeSockTedD"
(Admitted pro hac vice)
110 East 42 Street
New York, NY 10017
(212) 763-6800
Email: rbeckerman@vanfeliu.com

**KLIMASKI & ASSOCIATES, P.C.**
By:_____/s/James R. Klimaski_____
James R. Klimaski (Bar no. 243543)
Attorneys for defendant "TubeSockTedD"
1625 Massachusetts Avenue, N.W. Suite 500
Washington, District of Columbia 20036
Telephone: 202-296-5600
Email: klimaski@klimaskilaw.com

Ray Beckerman,
    Of counsel