UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SINCLAIR,                          )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )        No. 1:08-cv-00434-HHK
                                            )
TubeSockTedD, mzmolly and OWNINGLIARS,      )
                                            )
                Defendants.                 )

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL RULE 26(f) CONFERENCE**

Plaintiff has moved the Court to issue an order compelling counsel for defendant mzmolly to confer with his counsel "to the end of preparing the requisite Joint Scheduling Report."  Motion at 1.  As explained below, the motion should be denied for several reasons: (1) no party has been served or has appeared; (2) even if the appearance of mzmolly's counsel to oppose the motion to compel disclosure of mzmolly's identity is an "appearance of any party," counsel need not confer until two months from now; (3) the narrower objective suggested by the motion, of obtaining discovery in the hope of determining that all of the anonymous defendants are diverse in citizenship, cannot be justified because diversity has not been pleaded; and (4) in any event, plaintiff's counsel did not confer in good faith before filing his motion.

1.  This is an action for defamation against three anonymous defendants who have criticized plaintiff on the Internet.  The complaint does not plead that the citizenship of the parties is diverse; instead, it pleads, "after a reasonable opportunity for further investigation or discovery, Plaintiff will establish that Defendants are residents of states other than Minnesota."  Complaint, DN 1, ¶ 2.  Plaintiff has now admitted that he really has no idea where the anonymous defendants live: "both the jurisdiction (¶2) and venue (¶3) of this Court is plead[ed] in this fashion as Plaintiff presently

does not possess the requisite facts given the initial ano[nym]ity that the internet provides its users."
Motion to Compel Discovery Conference, at 2; *see also* DN 16, Reply in Support of Motion to
Compel Discovery, at 8 (Sinclair defends his failure to properly plead "these diversity elements
which Plaintiff presently does not know and Defendant mzmolly won't reveal").

2. On March 13, 2008, plaintiff filed an ex parte motion for leave to take discovery from the
specific Internet Service Providers ("ISP") that each of the defendants had used to post their critical
comments, arguing that such discovery was needed because, in light of their anonymity, "Plaintiff
can not (i) serve and thereby subsequently (ii) confer as required by Rule 26 [of the Federal Rules
of Civil Procedure]." DN 2, at 1. On April 4, 2008, the Court granted that motion. Plaintiff
subsequently served subpoenas on the three ISP's. Democratic Underground notified mzmolly of
the subpoena, and subsequently both Democratic Underground and mzmolly served objections on
plaintiff's counsel under Rule 45. Plaintiff then filed a motion to compel discovery, and undersigned
counsel entered an appearance for both Democratic Underground and mzmolly, and have now filed
an opposition to the motion to compel. Plaintiff has replied to that opposition, and the motion is now
ripe for decision. Mzmolly has still not been served, and, so far as counsel are aware, none of the
parties has been served.

3. Rule 26(f) forbids a party from beginning discovery until after the parties have engaged
in a Rule 26(f) conference. Rule 26, in combination with Rule 16, sets the time for the Rule 26(f)
conference – no later than "at least 21 days before a scheduling conference is to be held or before
a scheduling order is due under Rule 16(b)." Local Rule 16.3 similarly specifies that counsel "must
confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days
before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P."

The Court has not scheduled a scheduling conference, but Rule 16(b)(2) establishes the deadline for a scheduling order – "within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared."

4.  Under the terms of this Rule, mzmolly's counsel has no duty to confer with plaintiff's counsel at this time.  First, no party has been served, and no party has "appeared."  Mzmolly has retained counsel, and those counsel have entered **their** appearance, for the purpose of opposing discovery that would allow plaintiff to obtain the information needed to serve a summons on mzmolly and hence bring her within the Court's authority.  However, mzmolly herself has not appeared.  In entering their appearance, mzmolly's counsel made clear that mzmolly was not appearing, but rather was going to challenge both subject matter and personal jurisdiction.[1]

5.  Undersigned counsel have litigated numerous cases involving subpoenas to identify defendants who allegedly defamed or otherwise wronged the plaintiff, presenting a conflict between the right to speak anonymously and the right to obtain redress of a genuine claim on which there is a real likelihood of success.  One fundamental procedural protection on which **all** courts agree is that the anonymous defendant should get notice and an opportunity to defend her anonymity, before being subjected to the rigors of a federal (or state) lawsuit.  *E.g., Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 170 P.3d 712, 719 (Ariz. App. 2007); *Doe v. Cahill,* 884 A.2d 451, 460-461 (Del. 2005);

---

[1]Sinclair's conduct shows that he does not believe that mzmolly has appeared in this matter. The Court's April 4 order required Sinclair to "provide copies of all information received pursuant to the subpoenas on Defendants once they make an appearance in this matter."  Because Sinclair served subpoenas that may well have been significantly broader that the Court intended — they were certainly broader than what he asked for in his motion for leave to take discovery — Google has provided information to Sinclair in response to the subpoena, as discussed in ¶¶ 5-6 of the Levy Affidavit.  However, Sinclair has not furnished any information to mzmolly. *Id.* ¶ 7.  Because it may be presumed that Sinclair has followed all orders of the Court, it follows that he does not believe that mzmolly has appeared in this matter.

*Dendrite v. Doe*, 775 A.2d 756, 760 (N.J. Super. App. Div. 2001); *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999).   If the mere filing of an opposition to discovery amounts to an appearance that allows the plaintiff to skip the step of serving the defendant with a summons and complaint, the right to speak anonymously will be extinguished through the backdoor.   The Court is urged not to be the first in the nation to so rule.[2]

6.   Even if the Court were to reject this argument, on the theory that her counsel's entry of appearance to oppose the motion to compel constitutes an appearance by mzmolly, the motion to compel a scheduling conference would still be premature.   Counsel entered an appearance on April 21, 2008, and mzmolly filed her opposition to the motion to compel on April 30.   Ninety days from April 21 is July 20 (the next business day is July 21), and ninety days from April 30 is July 29.   Thus, even on Sinclair's theory that mzmolly has "appeared," the scheduling order would be due by July 21 or July 29, depending on which is the operative event.   Counting 21 days back from those dates, the scheduling conference would be required by either June 30 or July 8.   Even on plaintiff's theory, there is no duty to confer until then.   Sinclair has made no showing of any imperative need to pursue

---

[2]In his reply in support of his motion to compel discovery, Sinclair argues that the Seventh Amendment "dictates the manner of resolution," Mem. at 3, apparently on the theory that any requirement that he show that he has a valid cause of action, supported by a sufficient quantum of proof, before he gets to a jury, would violate the Seventh Amendment.   Because Sinclair has not submitted **any** evidence in support of his claims, this issue is not presented, but in any event, the Supreme Court has repeatedly held that tools to take an unsupported case from the jury, such as a directed verdict, or judgment notwithstanding the verdict, are constitutional.   *Neely v. Martin K. Eby Const. Co.*, 386 U.S. 317 (1967); *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243 (1940).   On Sinclair's theory, a "legal" claim could never be dismissed under Rule 12, nor summary judgment granted under Rule 56.   Yet it is well established that summary judgment may be entered against a libel claim.   *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).   Moreover, in this case, mzmolly only seeks the equivalent of the denial of preliminary relief (an order of identification), without prejudice to plaintiff's again seeking such relief in an appropriate court (or, indeed, in this Court in the event the Court decides that it has jurisdiction).

discovery immediately, instead of giving the Court a chance to rule on his pending motion to compel

identification of mzmolly.

7.  As shown by Exhibit A to the Levy Affidavit, plaintiff's counsel, Mr. Sibley, sent him a

general scheduling order that set generic scheduling dates, with no specific reference to discovery

on any one issue.  When Mr. Levy received Mr. Sibley's call seeking to confer with him about

scheduling, it was Mr. Levy's assumption that plaintiff was requesting an overall case schedule

providing for discovery on the merits.  This understanding is consistent with the fact that Sinclair

has declared, in a number of forums, that the lawsuit against the three anonymous defendants is

simply a means to a larger end – obtaining a forum for his claims about his alleged encounters with

Barack Obama in 1999, in which he can use the tools of discovery to prove the truth of his claims,

including issuance of a subpoena to force Obama to testify, and more generally to attract

"mainstream media" attention to his claims through the mechanism of litigating them in this Court.[3]

Mr. Levy never succeeded in learning whether there was any need for immediate discovery, because

---

[3] E.g., Stiles Affidavit (submitted with Opposition to the Motion to Compel) ¶ 2 (in radio interview, Sinclair "thank[s the three defendants] because they have given me just that outlet in the courts to come out and prove my case"); Stiles Affidavit, Exhibit B (Sinclair's own blog states, "The aim of the Sinclair-Sibley legal strategy is eventually to discover Barack Obama on oath."); Stiles Affidavit, Exhibits C and F (telling those who donate to support Sinclair's litigation that their money will enable him to "get this in the open and show that Mr. Obama did do as I said he did." In his reply in support of his motion to compel discovery, Sinclair urged the Court to ignore the exhibits to DN 12 (the Opposition to the Motion to Compel) on the ground that anything seen on or downloaded from the Internet is inherently suspect.  However, the bulk of the documents on which we rely are obtained from Sinclair's own blog and from a radio interview in which Sinclair's voice may be heard – which are admissible against him as party admissions – and documents obtained from government records and web sites. A few documents downloaded from other web sites are submitted either to show the threatening atmosphere surrounding Sinclair, or just to show that certain things were said, not to show that what was said is truthful; to the extent that other documents are submitted to show the truth of their contents, they are described in the memorandum with appropriate caution.

Mr. Sibley hung up when Mr. Levy asked for an explanation of the basis for the claimed duty to engage in a Rule 26(f) conference at this time. Mr. Sibley's only response to the request for justification was, "I don't cite law, I make law." Levy Affidavit ¶ 3.

8. Although the prayer for relief and the proposed order show that plaintiff hopes to obtain a general order leading to a Rule 16 scheduling order with respect to the entire case,[4] the argument at page 2 of the motion suggests that counsel may be seeking a more limited scope of discovery, directed only to the issue of subject matter jurisdiction. To the extent that the motion is limited to such discovery, the motion should nonetheless be denied.

Sinclair's argument is that Rule 11(b)(3) allows him to plead facts that he does not know, in the hope of learning them through discovery. Apart from the fact that Rule 11 does not help him here, two centuries of Article III jurisprudence point in the opposite direction when it comes to pleading the basis for diversity jurisdiction. As more fully discussed in the opposition to the motion to compel discovery, at 25, to invoke the diversity jurisdiction of the federal courts, a plaintiff must plead the elements of diversity jurisdiction, including affirmative allegations that establish, at least as a matter of pleading, that the parties are completely diverse. 13B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3602, at 372 (2d ed. 1984). If the plaintiff cannot plead those elements, he must at least **begin** his litigation in state court. Plaintiff may not sue defendants whose citizenship he does not have any basis for alleging, and use the power of the federal court to try to help him learn where they live. Put another way, until

---

[4] The prayer for relief in the motion asks that mzmolly's counsel be ordered "to discharge the obligations under LCvR 16.3 and Rule 26(f) so that this Court may discharge its mandatory obligations under Rule 16(b) and this matter may proceed as contemplated by the local and Federal civil practice rules." Page 2. The proposed order provides simply that counsel should be ordered to "confer with Plaintiff to discharge the obligations under LCvR 16.3 and Rule 26(f)."

diversity jurisdiction is properly pleaded, plaintiff has not properly invoked this Court's power to do **anything**, including the power to compel Democratic Underground and the other ISP's to reveal information that would compromise the right of their users to speak anonymously.[5]

Sinclair suggests that it is unfair that a plaintiff like himself should be unable to file a diversity action against defendants whose residence he does not know; that he might be able to establish diversity if mzmolly and the other two anonymous defendants will only say where they live; and that he should be permitted to engage in discovery and then, if diversity is lacking, the court can transfer the case to state court pursuant to section 1404(a). However, defendant and her ISP should not be required to engage Sinclair in his guessing game, helping him figure out, by a process of elimination, which of the individuals whom he guesses may be mzmolly is, in fact, the critic he wants to identify for possible acts of retaliation. This does not leave Sinclair without a remedy – he is free to sue in state court.

Moreover, Sinclair's inability to sue in this Court is simply the consequence of the fact that federal courts are courts of limited jurisdiction, and lack of jurisdiction is presumed unless both pleaded **and** shown otherwise. Wright, Miller & Cooper, *supra*, § 3602, at 372. If Sinclair sues in a court of general jurisdiction (that is, a state court), and is able to show that citizenship is diverse, then he can always dismiss his state court suit and refile in federal court. But section 1404(a) only empowers transfers "to any other district or division where it might have been brought." If the case

---

[5]Similarly, in order to secure personal jurisdiction in the District of Columbia, Sinclair must at least **allege** facts based on which the Court can find personal jurisdiction. *Kline v. Williams*, 2006 WL 2265414 (D.D.C., Aug. 6 2006), at *3 n.3. Having failed to make such allegations, Sinclair is in no position to complain about the fact that he cannot take discovery to find out where mzmolly lives. Mzmolly's single post on DemocraticUnderground.com is surely not a "persistent course of conduct in the district" as required to establish personal jurisdiction under the DC long-arm statute as discussed by this Court in *Kline*.

lacks diversity, it cannot be brought in **any** district or division.

Finally, Sinclair's reliance on Rule 11(b)(3) is a red herring. Rule 11 protects a lawyer (or party) against liability when, based on a reasonable inquiry, he pleads facts in the expectation that they will have evidentiary support after further investigation or discovery. It does **not** authorize discovery, and it certainly does not rescind the hoary doctrine that a court has diversity jurisdiction only when the facts affirmatively pleaded (and shown) establish complete diversity. Sinclair now concedes that he has no idea where the defendants live; that is enough to require denial of all pending motions by Sinclair, because he has not established that this Court has subject matter jurisdiction.

9. To the extent that Sinclair may argue that his motion is limited to conferring about discovery relating to jurisdiction, such an order should be denied because Sinclair's counsel never even hinted that this is what he wanted to confer about. To the contrary, when Mr. Levy asked for the legal basis for a demand for an immediate Rule 26(f) conference, Mr. Sibley first suggested that he need not cite any law because "I make law," and then, when Mr. Levy asked again, Mr. Sibley hung up the telephone. Had the conversation continued, and had Mr. Sibley explained that he needed discovery only on the issue of jurisdiction, counsel could have explored whether, despite defendant's view that no discovery is appropriate, there might be a basis for compromise because plaintiff had in mind some form of discovery that would not disclose mzmolly's actual name and address. That is to say, counsel would have tried to determine whether the request for discovery on jurisdiction is simply another way for Sinclair to identify mzmolly, on the excuse of pursuing discovery on jurisdiction.

The purpose of the requirement that counsel confer before filing motions is not simply to require lawyers to "go through the motions" so that they can hurry a motion into court. Instead, the

rule seeks to encourage counsel to try to resolve their differences before they ask for the Court's intervention. That process is not encouraged if a party is allowed to move for limited discovery after demanding the discovery be opened generally.

This is not the only time Mr. Sibley has hung up when asked for details of his position during a pre-motion conference. *See* DN 19 (Motion to Substitute Documents, at 2). Denial of Sinclair's motion on the ground that he failed to confer in good faith may lead to more productive discussions between counsel, and thus fewer requests for the Court's intervention.

<b>CONCLUSION</b>

The motion to compel the holding of a Rule 26(f) conference should be denied.

Respectfully submitted,

_____/s/ Paul Alan Levy_____
Paul Alan Levy (DC Bar 946400)
Greg Beck (DC Bar

  Public Citizen Litigation Group
  1600 - 20th Street, N.W.
  Washington, D.C. 20009
  (202) 588-1000

  Attorney for mzmolly

May 8, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SINCLAIR,                              )
                                                )
                    Plaintiff,                  )
                                                )
          v.                                    )          No. 1:08-cv-00434-HHK
                                                )
TubeSockTedD, mzmolly and OWNINGLIARS,          )
                                                )
                    Defendants.                 )

**ORDER**

Plaintiff's motion to compel counsel for mzmolly to conduct a Rule 26(f) conference is

denied.

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE SINCLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00434-HHK |
| | ) | |
| TubeSockTedD, mzmolly and OWNINGLIARS, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AFFIDAVIT OF PAUL ALAN LEVY**

1. My name is Paul Alan Levy. I am lead counsel for defendant mzmolly and Democratic Underground. This affidavit is submitted in opposition to plaintiff's motion to compel the immediate holding of a Rule 26(f) conference.

2. On April 22, 2008, I received an email from Montgomery Blair Sibley, attaching what purported to be a draft for a joint meet and confer statement. The attachment was in PDF format, and hence I could not have edited it, because my computer only has Acrobat Reader. The email asked that "in the next few days" we set a time to confer. A copy of the email and attachment are attached as Exhibit A.

3. On April 23, Mr. Sibley called and left a message saying that he wanted to discuss the draft meet and confer statement. When I returned his call, I pointed out that a Rule 26(f) discussion seemed premature because he had not yet served my client. He responded that my client had appeared, and I said that although I had appeared for mzmolly to oppose his motion to compel, mzmolly herself had not appeared. I asked Mr. Sibley whether he had any legal support that requires the parties to meet and confer over discovery and case scheduling in such pre-service circumstances. His response was, "I don't cite law, I make law." He asked me to confirm that I was refusing to

participate in a discussion about the joint stipulation. I replied that I would be happy to have such a discussion when that was required; he asked whether I was refusing to have the discussion now; and I repeated my question about his basis for insisting on a discussion at the present given lack of service (not to speak of jurisdiction). His only response was to the effect that he did not want to dance, or play games, and he hung up.

4. The motion to compel suggests that the refusal to confer prevents plaintiff from pursuing discovery on the issue of subject matter jurisdiction and venue. Although it is my view that discovery cannot make up for plaintiff's inability to plead diversity jurisdiction, and that the absence of any allegations of personal jurisdiction precludes discovery on that issue, had Mr. Sibley raised these issues when he called me, I would have attempted to explore what sort of discovery he had in mind and whether he had some way to take such discovery without identifying my client, or whether this was just a backdoor way to identify mzmolly. Because Mr. Sibley never raised such issues on the phone, and hung up on me when I was trying to ask him about the basis for his motion, we were unable to have that conference.

5. The subpoena served by Mr. Sibley on Google, like the subpoena served on Democratic Underground, required Google to provide information about any user accounts maintained under the pseudonyms TubeSockTedD, mzmolly, or OWNINGLIARS. When I learned of that fact, and that Google was prepared to release information regarding any person who owned any such account, I was concerned, not because I had a client who uses a YouTube account, but because I felt the subpoena exceeded the scope of the discovery that Sinclair had requested. The ex parte motion for leave to take limited discovery, DN 2, characterized plaintiff's request as follows (at p. 1, ¶ 2):

In particular, (i) Defendant TubeSockTedD maintains an account with YouTube.com

which contains his/her real identity, (ii) Defendant mzmolly maintains an account with Demoncraticunderground.com which contains his/her real identity and (iii) Defendant OWNINGLIARS maintains an account with Digg.com which contains his/her real identity.

I warned Google that it was mistaken to assume that a person who uses the pseudonym mzmolly on YouTube is necessarily the same person as the one who uses mzmolly on DemocraticUnderground. com. I also warned Google that it was not clear that the Court, in signing the proposed order submitted by Sinclair, intended to allow subpoenas to all three ISP's seeking information about any person who happens to use the same pseudonym as my client does on Democratic Underground. As I told Google, however, I have not filed a motion to quash the subpoena to Google, because I do not represent the person who uses mzmolly as a pseudonym on YouTube.

6. On May 6, 2008, I received an email from Google's inside counsel Hilary Ware advising that, on May 5, 2008, having given notice to the person who uses the pseudonym mzmolly on YouTube, and not having received a motion to quash the subpoena in that respect, Google had released information to Sinclair's counsel pursuant to the subpoena. I attach a copy of that email as Exhibit B.

7. I have not received any information from Mr. Sibley about any data he received from Google, even though the Court's April 4 order required Sinclair to "provide copies of all information received pursuant to the subpoenas on Defendants once they make an appearance in this matter."

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2008.

_____
Paul Alan Levy

-3-

# EXHIBIT A

**From:**      "Montgomery Sibley" <mbsibley@civilforfeiture.com>
**To:**        <plevy@citizen.org>
**Date:**      4/22/2008 1:37:11 PM
**Subject:**   Sinclair v.TubeSockTedD, mzmolly and OWNINGLIARS -- Parties Joint Meet
and Confer Statement

Center for Forfeiture Law
Montgomery Blair Sibley
1629 K Street, Suite 300
Washington, D.C. 20006
www.civilforfeiture.com
202-508-3699 / 202-478-0371 (E-Fax)
Admitted to Practice: New York & Washington D.C.


———————

Greetings:

As you know, the local rules require that we meet and confer and file a
statement.  My proposed statement is attached.  Please let me know a time in
the next few days that I may call you to discharge this obligation.

yours,

Montgomery

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

                Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

                Defendants.

_____/

Case No.: 1:08-cv-00434-HHK

PARTIES JOINT MEET AND CONFER
STATEMENT

*DRAFT  -APRIL  22,  2008
(10:29AM)*

       Plaintiff and Defendant mzmolly, by and through their respective undersigned counsel,

respectfully submit the following Joint Scheduling Report in furtherance of the requirements

imposed by LCvR, Rule 16.3(a).  To the extent practicable, this Scheduling Report follows the

format set forth in LCvR 16.3(c) and Fed. R. Civ. P. 26.

       **(1)    Whether the case is likely to be disposed of by dispositive motion; and whether,
if a dispositive motion has already been filed, the parties should recommend to the court that
discovery or other matters should await a decision on the motion.**

       Plaintiff does not believe the case will be disposed of by dispositive motion and desire that

discovery should proceed.  Defendant _____

       **(2)    The date by which any other parties shall be joined or the pleadings amended,
and whether some or all the factual and legal issues can be agreed upon or narrowed.**

       The parties agree that all parties should be joined and pleadings amended no later than 30

days from the entry of the scheduling order.

       **(3)    Whether the case should be assigned to a magistrate judge for all purposes,
including trial.**

       Plaintiff objects to the assignment to a magistrate judge.

1

Defendant _____

**(4)      Whether there is a realistic possibility of settling the case.**

The parties discussed settlement issues during the course of the Scheduling Conference.  At

this time, settlement between Plaintiff and Defendant does not seem likely.

**(5)      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

Alternative Dispute Resolution ("ADR") may be helpful after the Court has ruled on

dispositive motions, but at this time Plaintiff and Defendant do not think the case would benefit from

ADR.

**(6)      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff believes that a motion for summary judgment should made within 30 days after the

close of fact discovery with replies and responses filed thereafter, according to the Civil Rules.

Defendant_____.

**(7)      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not believe that initial disclosures pursuant to Rule 26(a)(1) should be

dispensed with or altered in scope or form.  The parties plan to exchange the requisite initial

disclosures ten (10) days after entry of the scheduling order.

**(8)      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

2

The parties believe that fact discovery should be completed within six (6) months.

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that Plaintiff should produce his expert report(s) 30 days prior to the close

of fact discovery and the Defendant should produce its expert report(s) by the close of fact discovery.

Expert witness depositions shall be taken within thirty (30) days after the close of fact discovery.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff and Defendant do not believe that bifurcation is appropriate.

**(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties believe that the pre-trial conference should be held 60 days after the close of

discovery or after a decision on dispositive motions is made, which ever occurs last.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set the trial date at the pretrial conference.

**(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no other matters to address in the scheduling orders.

3

MONTGOMERY BLAIR SIBLEY
CENTER FOR FORFEITURE LAW
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:       mbsibley@civilforfeiture.com

By: _____
       Montgomery Blair Sibley
       D.C. Bar #464488

PAUL ALAN LEVY
GREG BECK
Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

By: _____

       D.C. Bar#:

4

# EXHIBIT B

**Paul Levy - Re: Just curious**

| | |
|---|---|
| **From:** | "Hilary Ware" <hware@google.com> |
| **To:** | "Paul Levy" <plevy@citizen.org> |
| **Date:** | 5/6/2008 6:52 PM |
| **Subject:** | Re: Just curious |

Yes, we have produced material in response to the subpoena.

On Tue, May 6, 2008 at 2:50 PM, Paul Levy <plevy@citizen.org> wrote:
  mind you, I am not asking you to disclose the substance of what you disclosed, but only WHETHER
  there was a disclosure

  Paul Alan Levy
  Public Citizen Litigation Group
  1600 - 20th Street, N.W.
  Washington, D.C. 20009
  (202) 588-1000
  http://www.citizen.org/litigation

  >>> "Hilary Ware" <hware@google.com> 5/6/2008 5:18:10 PM >>>
  Hi, Paul--

  I'm afraid I may not understand your question.  If there was no motion to
  quash filed on behalf of an account that was the subject of a subpoena, we
  produced the responsive information we have on the account, as is our
  practice. Thanks--

  Hilary

  On Tue, May 6, 2008 at 1:21 PM, Paul Levy <plevy@citizen.org> wrote:

  > Did you make disclosures to plaintiff on May 5 WRT the identities who were
  > not identified in the complaint, or in the motion for leave to serve
  > subpoenas, as having use Google's facilities to make any of the allegedly
  > actionable statements.  I see that they did not file any motion to quash.
  >
  > Paul Alan Levy
  > Public Citizen Litigation Group
  > 1600 - 20th Street, N.W.
  > Washington, D.C. 20009
  > (202) 588-1000
  > http://www.citizen.org/litigation
  >
  >


  --
  Hilary E. Ware

Managing Litigation Counsel
Google Inc.


--
Hilary E. Ware
Managing Litigation Counsel
Google Inc.