UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
-----------------------------------------------x
                                               )
LAWRENCE SINCLAIR,                             )      1:08-cv-00434-HHK
                                               )
              Plaintiff,                       )
                                               )
     -against-                                 )
                                               )
TubeSockTedD, et al.,                          )
                                               )
              Defendants.                      )
                                               )
-----------------------------------------------x
```

**MEMORANDUM OF POINTS AND AUTHORITIES
OF DEFENDANT "TubeSockTedD" IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

Rule 1.7 and the cases cited by plaintiff are obviously inapposite.

The instant case is more analogous to a case like Bennett Silvershein Associates v. Furman, 776 F. Supp. 800 (SDNY 1991), where the party actually had had a consultation with the attorney now sought to be disqualified. In denying the disqualification motion, the Court noted that such motions are viewed with disfavor because "often interposed for tactical reasons", which certainly appears to be the case here.

As the affidavit of Ms. Kelly demonstrates, no attorney client relationship was ever formed. Mr. Sinclair had no contact with any attorney at the Klimaski firm. And the contact he did have, with the Office Administrator, related to a different matter.

Plaintiff's claim of having entrusted Mr. Klimaski with 'confidences' is obviously fabricated, since the present case is about highly public statements by plaintiff and rebuttal by defendant, all spread across the internet and available to the world.

-1-

If plaintiff had had any argument for 'preserving client confidences', he has waived it by publishing on the internet the substance of his contact with the Klimaski firm.

In any event, (a) the Klimaski firm's involvement has been, and is expected to be minimal, (b) the Klimaski firm hasn't "disclosed" anything to anybody, and (c) the motion may be mooted by the motion to quash.

**Conclusion**

Plaintiff's motion to disqualify, having failed to set forth any sufficient basis for disqualification, should be denied.

Respectfully submitted,

**VANDENBERG & FELIU, LLP**
By:____/s/Ray Beckerman_____
Attorneys for Defendant "TubeSockTedD"
(Admitted pro hac vice)
110 East 42 Street
New York, NY 10017
(212) 763-6800
Email: rbeckerman@vanfeliu.com

**KLIMASKI & ASSOCIATES, P.C.**
James R. Klimaski (DC Bar#
Attorneys for defendant "TubeSockTedD"
1625 Massachusetts Avenue, N.W. Suite 500
Washington, District of Columbia 20036
Telephone: 202-296-5600
Email: klimaski@klimaskilaw.com

Ray Beckerman,
   Of counsel