UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SINCLAIR,                           )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )      No. 1:08-cv-00434-HHK
                                             )
TubeSockTedD, mzmolly and OWNINGLIARS,       )
                                             )
            Defendants.                      )

**RESPONSE TO MOTION TO QUASH SUBPOENA TO DIGG.COM**

Defendant TubeSockTedD has moved the Court to quash the subpoena to Digg.com insofar

as it seeks information that would identify him.  She argues that a court order compelling disclosure

of such information should be denied for the same reason that an order to Google to provide

information identifying TubeSockTedD should be denied.  Inasmuch as TubeSockTedD's arguments

largely rely on the arguments that mzmolly and Democratic Underground have advanced, they

certainly agree with TubeSockTedD's motion.  However, mzmolly believes that the subpoena to

Digg.com should be quashed for additional reasons.[1]

The subpoena to Digg.com, like the subpoena to Google, is overbroad.  The complaint alleges

that three anonymous defendants used certain pseudonyms on web sites operated by three separate

Internet Service Providers to defame the plaintiff: The complaint charges defendant TubeSockTedD

with posting a defamatory video on YouTube.com; it charges defendant mzmolly with posting a

defamatory statement on DemoncraticUnderground.com; and it charges defendant OWNINGLIARS

with posting a defamatory statement on Digg.com.  In seeking pre-service discovery to identify these

---

[1] In making these arguments,  we acknowledge that defendant mzmolly lacks standing to file
her own motion to quash, because defendant mzmolly does not have a Digg.com account, and hence
a subpoena to Digg.com does not threaten her own right to speak anonymously.  The female gender
is used generically for TubeSockTedD, pursuant to our standard practice.

anonymous defendants, Sinclair characterized his request as follows (DN 2, at 1, ¶ 2):

> In particular, (i) Defendant TubeSockTedD maintains an account with YouTube.com which contains his/her real identity, (ii) Defendant mzmolly maintains an account with Demoncraticunderground.com which contains his/her real identity and (iii) Defendant OWNINGLIARS maintains an account with Digg.com which contains his/her real identity.

But the proposed order submitted for the Court's signature was more ambiguous – it authorized Sinclair to "issue Subpoenas Duces Tecum Without Deposition on YouTube.com, Democratic underground.com and Digg.com for the account information of the Defendants TubeSockTedD, mzmolly and OWNINGLIARS." From the face of this order, DN 3, it was not clear whether Sinclair could subpoena each ISP for identifying information about the one person holding an account using the pseudonym on that ISP's web site that had been allegedly been misused, or whether a subpoena was authorized to each ISP seeking information about all three pseudonyms. Sinclair adopted the broadest possible construction of this order and sent subpoenas to each of the ISP's involved that sought identifying information about persons using **any** of the three pseudonyms.

The difference between these constructions of the order is significant, because although each of the three ISP's involved here would allow only one person to register using a given pseudonym,[2] there is nothing that prevents an individual from using on one ISP (such as YouTube or Digg) the same pseudonym that a **different** person has used on a different ISP (such as Democratic Underground). In this case, for example, defendant mzmolly has not used that pseudonym on either YouTube or Digg. Consequently, if there is a person who has used the pseudonym mzmolly on Digg, and Digg is compelled to release that information, the result would be that Sinclair will obtain

---

[2]Not all ISP's impose such limits on persons who post on their web sites. Generally speaking, an ISP that requires registration normally limits the use of any given pseudonym or username to a single account holder. As a general matter, ISP's that allow posting without registration do not limit the use of a given pseudonym to a single individual.

identifying information about a person who is not even alleged to have done anything wrong. Although defendant mzmolly herself would not be affected by the enforcement of subpoenas in that fashion, she objects in principle to needless identification of anonymous Internet speakers.[3]

The Court is urged to construe DN 3 narrowly and hold that subpoenas were authorized only to obtain identifying information about the person who used the specific pseudonym alleged to have defamed Sinclair on the specific ISP identified in the complaint. Such a narrow construction would be consistent with the reasons given by Sinclair for pre-service discovery. It would also be consistent with the doctrine of *contra proferentum* — that in cases of ambiguity, the words of a document should be construed against the interests of the person who drafted the document. *Mesa Air Group v. Department of Transp.*, 87 F.3d 498, 506 (D.C. Cir.1996). This doctrine can be invoked to construe court orders drafted by one of the parties. *Matter of Nelson Co.*, 959 F.2d 1260, 1264 (3d Cir. 1992); *see also In re Greater Southeast Cmnty. Hosp. Corp.*, 365 B.R. 315, 321 (Bkrtcy D.C 2007) (doctrine invoked but order had been submitted jointly). Here, the operative order was drafted and submitted exclusively by Sinclair, and it should be construed against him.

In the course of discussions with Google, undersigned counsel learned that there was someone who used the pseudonym "mzmolly" on YouTube, although it was not defendant mzmolly, who, therefore, did not move to quash the subpoena to Google. Google gave notice to its mzmolly, who did not file any motion to quash, and Google therefore provided identifying information to Sinclair. That may have been because the YouTube mzmolly did not care about having her information released, or it may simply have been that that mzmolly either could not find, or could not afford, counsel to oppose the subpoena. If the Court agrees with our argument above about the

---

[3]Because defendant TubeSockTedD has moved to quash the subpoena to Digg.com, it may be inferred that defendant **did** use that pseudonym at Digg.com. There is no account in the name of either TubesockTedD or OWNINGLIARS at DemocraticUnderground.com.

meaning of its order authorizing discovery, the Court is urged to use this occasion to forbid Sinclair

from using whatever information it obtained from Google about the person who used the pseudonym

mzmolly on YouTube.

## CONCLUSION

The motion to quash the subpoena to Digg.com should be granted, and the subpoena should

be quashed with respect to mzmolly as well as TubeSockTedD.

<div style="margin-left: 50%;">

Respectfully submitted,

    /s/ Paul Alan Levy
Paul Alan Levy
Gregory Beck

Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

Attorney for mzmolly and
Democratic Underground

</div>

May 13, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SINCLAIR,                  )

)

       Plaintiff,                  )

)

         v.                  )       No. 1:08-cv-00434-HHK

)

TubeSockTedD, mzmolly and OWNINGLIARS,   )

)

       Defendants.         )

**ORDER**

The Court holds that its order authorizing pre-service discovery (Docket Entry Number 3),

was only intended to allow subpoenas to Google seeking identifying information only about the user

of the TubeSockTedD account, to Democratic Underground seeking identifying information only

about the user of the mzmolly account, and to Digg.com only about the user of the OWNINGLIARS

account.  The subpoena to Digg.com is quashed to the extent that it seeks information about the

persons using accounts in the names TubeSockTedD or mzmolly.  In addition, Sinclair shall refrain

from making any use of information obtained from Google about YouTube accounts in the names

of mzmolly or OWNINGLIARS, pending further order of the Court.

Dated: May __, 2008

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE SINCLAIR,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )      No. 1:08-cv-00434-HHK
                                            )
TubeSockTedD, mzmolly and OWNINGLIARS,      )
                                            )
            Defendants.                     )

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being submitted to the Court's ECF system, which will

serve the documents on all counsel in the case.


                                     /s/ Paul Alan Levy
                                    Paul Alan Levy

                                     Public Citizen Litigation Group
                                     1600 - 20th Street, N.W.
                                     Washington, D.C. 20009
                                     (202) 588-1000

                                     Attorney for mzmolly and
                                     Democratic Underground

May 13, 2008