UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Lawrence Sinclair,

      Plaintiff,

vs.

TubeSockTedD, mzmolly and
OWNINGLIARS,

      Defendants.
_____/

Case No.: 1:08-cv-00434-HHK

**PLAINTIFF'S OMNIBUS REPLY TO D.E.#S
23, 24, 26, 27, 29-2 & 30**

Plaintiff, Lawrence Sinclair, by and through his undersigned counsel files this, his Omnibus Reply to D.E.#s 23, 24, 26, 27, 29 & 30, and states:

**I.   DEFENDANT MZMOLLY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26(F) CONFERENCE [D.E. #23]**

Like a school boy running to the teacher with material misrepresentations regarding telephone discussion between undersigned counsel and Mr. Levy, the substance of Mr. Levy's argument is directed once again towards *ad hominem* attacks.

Mr. Levy's verbosity aside, the simple fact is that the motivation of the Defendant Mzmolly is to delay and divert this case from its natural course by hiding from this Court's jurisdiction while claiming this Court doesn't have jurisdiction. Defendant MzMolly can't have it both ways.

**II.  DEFENDANT TUBESOCKTEDD MOTION TO QUASH DIGG.COM SUBPOENA [D.E. #24 & #27] AND DIGG.COM'S MOTION TO QUASH SUBPOENA [D.E. #29-2]**

Digg.com's objection that the subpoena on it was not served pursuant to Rule 45(a)(2)(C) is not well taken. That Rule states: "A subpoena must issue as follows: . . .for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Here, pursuant to the Court's order, the

production was to be made in Washington, D.C.  Hence, the subpoena was proper under Rule 45(a)(2)(C).

The other generic responses by Digg.com don't warrant response as they are not supported by <u>any</u> evidentiary support.

### III. DEFENDANT "TUBESOCKTEDD" OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL [D.E. #26]

This Court is now faced with conflicting affidavit which require an evidentiary hearing to resolve.  Simply stated, Plaintiff has alleged speaking with "an individual named Donna, who stated to me on the telephone that she was an attorney" and Donna Kelly who is the office administrator of Klimaski & Associates, P.C.  who has affirmed that she is not an attorney and never told anyone she was.

More important, it is clear from Ms. Kelly's affidavit that she was acting an agent of Mr. Klimaski and hence Plaintiff's communications with her were privileged.  Remarkably, in that affidavit Ms. Kelly reveals confidential communications by Plaintiff to her and her employer which <u>heretofore</u> have <u>not</u> been publically revealed.  While the liability of Klimaski & Associates, P.C. for that grotesque breach of attorney-client privilege is not the subject of this litigation <u>yet</u>, the simple fact remains that Plaintiff did communication confidential information to what is now a Defendant's attorney.

Last, while Mr. Beckerman claims – though not under oath – that "the Klimaski firm hasn't "disclosed" anything to anybody", such an bald assertion must be put to the engine-of-truth which is cross-examination to test its veracity.

Accordingly, Plaintiff requests an evidentiary hearing on the issues raised by the motion to disqualify counsel.

**IV.    DEFENDANT MZMOLLY'S MEMORANDUM IN OPPOSITION TO SINCLAIR'S MOTION FOR SANCTIONS [D.E. #30]**

Notwithstanding Mr. Levy's Herculean attempts to divert this Court from his transgressions, the simple fact remains: Mr. Levy violated LCvR 5.4(f)(1) and (3) by his reckless and careless filing of the Social Security number and Date of Birth of Plaintiff. In his defense, Mr. Levy once again attempts to create a record by misrepresenting the substance of telephone calls between himself and undersigned counsel. Additionally, Mr. Levy attempts to persuade the Court that no harm has occurred as the confidential information of Plaintiff is purportedly available elsewhere on the world wide web. Such arguments are facile at best.

The bottom line is this: If this Court's privacy rules are to be <u>more</u> than aspirational, significant consequence must attached to a grotesque breach of those rules. Here, the question is not whether there should be a sanction – there must if the Rules of this Court are to be respected – but the extent of the sanction.

Admitted by Mr. Levy is that before his improper filing, Plaintiff's social security number had <u>not</u> been publically made known. Now it is public for all time. This Court must send a message to its Bar that such breaches of individual privacy will not be tolerated by this Court by sanctioning Mr. Levy in the amount of One Hundred Thousand Dollars ($100,000).

**CERTIFICATE OF SERVICE**

     I hereby certify that: a true and accurate copy of the foregoing was served by this Court's CM/ECF system upon Paul Alan Levy, Public Citizen Litigation Group, 1600 20th Street, NW, Washington, DC 20009, Ray Beckerman, Vandenberg & Feliu LLP, 110 East 42 St., New York, NY 10017 and James R. Klimaski, Klimaski & Associates, P.C., 1625 Massachusetts Avenue NW, Suite 500, Washington, DC 20036-2245, this May 21, 2008.

                                           **MONTGOMERY BLAIR SIBLEY**
                                             Counsel for Plaintiff
                                             1629 K Street, Suite 300
                                             Washington, D.C. 20006
                                             202-508-3699
                                             202-478-0371 Fax

                                           By:   /s/ Montgomery Blair Sibley
                                                   Montgomery Blair Sibley
                                                   D.C. Bar #464488