UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE SINCLAIR,<br><br>            Plaintiff,<br><br>       v.<br><br>TubeSockTedD, et al.,<br><br>            Defendants. | Civil Action No.  08-0434 (JDB) |

## ORDER

Plaintiff has filed a "motion pursuant to 18 U.S.C. § 3771(d)(3)" seeking relief relating to allegations of a threat against him posted on the Internet, specifically on YouTube.com.  For several reasons, the motion will be denied.

1.     It is not apparent that plaintiff can seek relief under § 3771.  The rights of crime victims identified in § 3771(a), which can be asserted pursuant to § 3771(d)(3), must be ensured by a court in two settings -- "[i]n any court proceeding involving an offense against a crime victim" (§ 3771(b)(1)) or "[i]n a Federal habeas corpus proceeding arising out of a State conviction" (§ 3771(b)(2)(A)).  This case, a civil action involving totally different events, against defendants who have no apparent (or even alleged) relationship to the threat plaintiff now alleges, is neither of those two settings that are appropriate for relief under § 3771.

2.     The relief plaintiff seeks is an order that the Department of Justice provide plaintiff certain rights under § 3771, specifically identification of the alleged sender of the threat and a meeting of an Assistant United States Attorney with plaintiff and his counsel.  But the

government -- in the form of the Department of Justice, the United States Attorney or otherwise -- is not a party to this action. And plaintiff has not undertaken any effort to make the government a party. The Court therefore has no current authority or basis to entertain the motion or provide the relief requested against the government.[1]

3.  The torts alleged in the underlying civil action are apparently completely unrelated to the alleged threat that is the subject of plaintiff's motion. Hence, there is no basis for a claim of a relationship sufficient to permit plaintiff to proceed in this action. To repeat, the motion makes no allegations, and seeks no relief, against the defendants in this case.

4.  The attorney who has filed the motion, Montgomery Blair Sibley, has been suspended from practice before this Court. He was temporarily suspended on May 21, 2008, and a final order of suspension from the Bar of this Court for three years (commencing May 21, 2008) was issued on July 21, 2008, and filed on July 31, 2008. There is no doubt that Mr. Sibley was aware of at least his temporary suspension by that time -- he filed a response to it on June 3, 2008. The motion in this case therefore was plainly improperly filed.

5.  Finally, plaintiff and his counsel did not comply with Local Civil Rule 7(m) in filing the motion seeking relief under § 3771.

Accordingly, for all these reasons, it is hereby **ORDERED** that

1.  plaintiff's motion [Docket #43] is **DENIED**;

2.  the Clerk is directed not to accept any further filings in this case from Montgomery Blair Sibley;

---

[1] The Court notes that the alleged threat against plaintiff appears to have been thoroughly investigated by the FBI, and was found to be baseless or not serious.

3. this Order shall be sent to plaintiff as well as his counsel; and

4. a copy of this Order shall be forwarded to the Disciplinary Panel of this Court for appropriate further action.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: August 14, 2008